CHARLES C. STOKES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stokes v. Commissioner
Docket No. 30552-89.
United States Tax Court
T.C. Memo 1992-249; 1992 Tax Ct. Memo LEXIS 259; 63 T.C.M. (CCH) 2886; April 28, 1992, Filed *259 Decision will be entered under Rule 155. Charles C. Stokes, pro se. Alan Friday, for respondent. SCOTT SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1983 in the amount of $ 11,269 and additions to tax under sections 6651(a)(1), [1] 6653(a)(1), and 6661(a) in the respective amounts of $ 2,817.25, $ 563.45, and $ 2,817.25. Respondent also determined an addition to tax for 1983 under section 6653(a)(2) equal to 50 percent of the interest on the portion of the underpayment which is attributable to negligence or intentional disregard of rules and regulations. Some of the issues raised by the pleadings have been disposed of by agreement of the parties leaving for decision: (1) Whether certain expenses claimed by petitioner *260 were properly deducted under section 162(a)(2) as traveling expenses incurred while away from home in the pursuit of a trade or business; (2) whether petitioner is liable for an addition to tax pursuant to section 6651(a)(1) for failing to timely file his 1983 Federal income tax return; (3) whether petitioner is liable for additions to tax pursuant to section 6653(a)(1) and (2) for negligence and intentional disregard of rules and regulations; and (4) whether petitioner is liable for an addition to tax pursuant to section 6661(a) for a substantial understatement of income tax. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner resided in Panama City, Florida, at the time the petition in this case was filed. He is a civil, electrical, mechanical, and structural engineer licensed in Alabama, Florida, and Georgia. From 1975 to 1980, petitioner was employed by Southern Company Services in Birmingham, Alabama. In 1980 petitioner was employed for 3 or 4 months by a manpower agency that supplied him to Bechtel in Gaithersburg, Maryland. He was then self-employed for about 2 months and then became employed by Quadrex Corporation in a position *261 in Los Gatos, California, where he worked until May 1981. After taking several months off, he became employed through an agency, Trentech, by Lawrence Livermore Labs near San Francisco, California. In 1982, he worked for several months in Vicksburg, Mississippi. On November 8, 1982, petitioner began working for Code III Associates, Inc. (Code III), at the Diablo Canyon nuclear plant near San Luis Obispo, California. Code III is a contract service company which provides employees for other businesses. Petitioner's job description states that he is assigned to Pacific Gas and Electric Company (Pacific) and the duration of the employment is "3-6 months, anticipated; possibly longer." The terms of petitioner's employment were for hourly pay for 40 hours a week, time and a half pay for worked hours over 40 hours a week, and $ 120 a week per diem. Code III's contract with Pacific covering the year 1982 states that Code III is to "provide temporary employees" and that the term of the contract is "for a period of approximately twelve months commencing January 1, 1982, and terminating December 31, 1982. The contract may be terminated by either party upon thirty (30) days written notice." *262 Code III entered into an extension of this contract with Pacific, covering 1983. Around October 1983 petitioner was dismissed from Code III. Petitioner believed he was dismissed for writing three discrepancy reports about engineering problems at the Diablo Canyon nuclear plant. Subsequent to his dismissal, he filed a Department of Labor action against Pacific. Manpower needs at the Diablo Canyon nuclear plant were increasing at the time petitioner was dismissed. However, the Diablo plant was "up for licensing" at about the time petitioner was dismissed and after licensing there would have been no need for engineers on the site. After leaving employment by Pacific, petitioner looked for employment as a consultant around Alabama and along the Gulf Coast of Florida. He contacted many architectural and engineering firms and applied at the local unemployment office. In December 1983 petitioner returned to the Diablo Canyon nuclear plant to go over the discrepancy reports with the Nuclear Regulatory Commission. In March 1984 he again returned to the Diablo Canyon nuclear plant to participate in a public review of the nuclear plant. While in California in 1984 petitioner looked *263 for employment. He obtained a consulting job, working partially in California and partially in Alabama, for a firm based in Chicago. Around May 1985 petitioner was employed by Jenkins and Associates in Panama City, Florida. He remained with Jenkins and Associates for approximately 6 months. Around February 1986 petitioner opened his own business in Panama City, Florida. Around May 1980 petitioner moved into his parents' home, which was about ten miles from Cottonwood, Alabama, and about ten miles from Dothan, Alabama. The address was in Cottonwood. His parents had lived in that home since petitioner was 2 years old. From May 1980 until 1985 petitioner stored items, including a canoe, a van, and tools, at his parents' house. He kept a desk and file cabinets in the living room and used the living room as an office when he was in Cottonwood. Petitioner paid for the telephone service at his parents' house but did not pay any rent. While petitioner was working in California, his parents took telephone calls for him, answered his mail, forwarded mail to him, and called him if they considered mail or calls they received to be important. When he returned to Alabama after being *264 dismissed by Code III, he stayed at his parents' home. Petitioner discontinued his arrangements with his parents in 1985 when he became employed by Jenkins and Associates. Petitioner maintained automobile licenses, a driver's license, voter's registration, bank accounts, and business acquaintances in Alabama. He had business stationery and business cards with his name and the title "Professional Consulting Engineer", and the Cottonwood address and telephone number. In 1984 and in 1986 he sent invoices with the Cottonwood address to clients. Prior to 1980 petitioner owned and lived in a house in Birmingham, Alabama. When he moved into his parents' house he rented the house in Birmingham. He returned to Birmingham around May or June 1983 in connection with the rental of the house. Around 1987 he sold the house. Nuclear plants are not generally located near towns. Petitioner purchased a travel trailer in 1981 in order to more conveniently live near nuclear plants where he might be working. He kept the travel trailer in California until the end of 1983, moved it back to Alabama for 4 months, and then hauled it back to California in March 1984. Petitioner filed an individual *265 income tax return for the taxable year 1983. The income tax return was signed and dated December 13, 1987. The return included a Form 2106 (Employee Business Expenses) which claimed $ 32,640 of employee business expenses. Respondent in the notice of deficiency disallowed $ 31,155 of the claimed business expenses on the ground that it had not been shown that the expenses constituted ordinary and necessary business expenses or that the amounts were expended for the purpose designated. On brief respondent states that she agrees that petitioner has substantiated $ 30,210.61 of the $ 32,640 claimed business expenses and that $ 5,917.11 of these substantiated expenses are properly deductible. Respondent contends that petitioner is not entitled to deduct the $ 2,429.39 of unsubstantiated expenses and is not entitled to deduct $ 24,293.50 of the substantiated expenses which were petitioner's living expenses in California in 1983. The $ 24,293.50 consists of: Item
Amount
Gas
$ 1,479.63
Repairs
3,533.41
Insurance
795.95
Depreciation
11,143.15
Trailer rent and propane
3,515.38
Trailer repairs
2,282.99
Tag
129.09
Meals
647.57
Motel
168.33
Travel
598.00
TOTAL
$ 24,293.50
*266 OPINION Respondent's alternative argument is that petitioner's employment in California in 1983 was indefinite and not temporary. Respondent on the basis of this alternative argument contends that petitioner's principal place of employment and therefore his tax home in 1983 was California. If we were to conclude that petitioner's tax home is in California because his employment there was indefinite or indeterminate, we would not need to reach respondent's primary argument. We will therefore assume for the purpose of considering respondent's primary argument that petitioner's work in California was temporary rather than indefinite or indeterminate. Most of the cases involving whether a taxpayer had a tax home from which to be away have involved itinerant workers who in their work traveled from place to place. See , in which the parties agreed that each of the taxpayer's jobs during the year in issue was temporary. , and cases there cited. Respondent's primary argument in this case is that petitioner's tax home in 1983 was not in Cottonwood, Alabama, *267 and since petitioner is an itinerant worker, his work in 1983 was not away from home since he had no tax home from which to be away. Section 162(a)(2) [2] allows a deduction for travel expenses while away from home in the pursuit of a trade or business. To be deductible, the expenses must be ordinary and necessary, incurred while the taxpayer is away from home, and incurred in pursuit of the taxpayer's trade or business. . Ordinarily a taxpayer's home for purposes of section 162(a)(2) is his principal place of employment. *268 If a taxpayer elects for reasons personal to him to reside far from his place of employment, traveling expenses to and from his work are nondeductible personal expenses under section 262. . However, when a taxpayer's employment is temporary rather than indefinite, he may deduct the expenses incurred away from his home at this temporary work site. . In order to deduct expenses at a temporary work site a taxpayer must have a tax home away from his work site. . If a taxpayer has no principal place of employment, then he is an itinerant for purposes of section 162(a)(2). Some cases have recognized that a taxpayer who works at numerous temporary jobs may be away from home for purposes of deducting his expenses at the places he is temporarily employed where he maintains a home for himself and his family at a place where he lives when not working at one of his temporary jobs. See , *269 and . However an itinerant worker with no permanent home for which he incurs substantial continuing living expenses has consistently been held not to qualify for the section 162(a)(2) deduction for expenses incurred at his temporary work sites. , affg. ; . The home of such a taxpayer without a fixed and permanent abode may be considered to be located wherever the taxpayer happens to be. . While the subjective intent of a taxpayer is to be considered in determining whether he has a tax home, for purposes of section 162(a)(2) we must give greater weight to financial transactions related to the alleged home because the underlying purpose of the section is to provide some relief to a taxpayer who incurs substantial continuing expenses of a home which have to be duplicated by business travel away from the home on a temporary basis. . *270 Petitioner has not established that any of his claimed deductions for expenses in California duplicated expenses he incurred with respect to his parents' home. Petitioner testified that the only payment he made to his parents with respect to his living arrangements there was $633 for telephone service. There is no evidence that this small telephone service expense was duplicated by petitioner's living in California. The majority of the expenses here at issue arose from the travel trailer in which petitioner lived in California. These expenses were not duplicated in Alabama. He made no payments to his parents with respect to their house, such as rent, property tax, or insurance. Petitioner has failed to establish that any of his expenses were duplicated. Accordingly, he has failed to show that he has the burden of duplicate expenses that section 162(a)(2) is intended to ease. Although petitioner testified that he maintained contacts in Alabama and attempted to obtain a job there, he earned no income in Alabama during 1983. All of his income for that year was earned in California while he was working for Code III. Petitioner did not perform a substantial portion of his business *271 in the vicinity of Cottonwood, Alabama. Petitioner spent only approximately 1 month, November, at his parents' home in 1983 and this time was after the time for which petitioner claims a deduction for travel expenses. The fact that petitioner stored personal items at his parents' home and that he maintained automobile licenses, a driver's license, voter's registration, bank accounts, and business acquaintances in Alabama is of limited probative value. Also, the fact that petitioner may have conducted some business from his parents' house in Cottonwood in 1984 does not show that Cottonwood was his home in 1983. Based on the facts in this record we find that petitioner's parents' home was not petitioner's tax home in 1983. "To hold otherwise would place petitioner's home where his heart lies and render section 162(a)(2) a vehicle by which to deduct the full spectrum of one's personal and living expenses." . Because we find that petitioner's parents' home was not his tax home, we sustain respondent's disallowance of the substantiated claimed travel expense deductions to the extent of $ 24,293.50. An addition *272 to tax is imposed by section 6651(a)(1) for failing to timely file a return, unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect. The addition is equal to 5 percent of the tax required to be shown on the return, with an additional 5 percent for each month or fraction of a month that the failure to file the return continues, up to a maximum of 25 percent. Petitioner's return was due April 13, 1984, but was not filed until December 13, 1987. Petitioner introduced no evidence showing that the failure to timely file his return was due to reasonable cause and not willful neglect. Accordingly, respondent's determination of the addition to tax under section 6651(a)(1) is sustained. An addition to tax is imposed by section 6653(a)(1) for negligence or intentional disregard of rules and regulations. The amount of this addition is 5 percent of the underpayment if any part of the underpayment is attributable to negligence or intentional disregard of rules and regulations. There is an additional amount, pursuant to section 6653(a)(2), equal to 50 percent of the interest due on the portion of the underpayment attributable to negligence. *273 Negligence is defined as a lack of due care or failure to do that which a reasonable and prudent person would do under the circumstances. , affg. . Petitioner argues that he relied on the results of an income tax examination relating to his taxable year 1980 not disallowing his claimed deduction for travel expenses comparable to those he claimed on his 1983 return. Also, petitioner was able to substantiate most of the expenses he claimed to be deductible. Based on this record, we conclude petitioner has shown that he is not liable for additions to tax pursuant to section 6653(a)(1) and (2). An addition to tax is imposed by section 6661(a) for a substantial understatement of income tax in an amount equal to 25 percent of the underpayment attributable to the substantial understatement. An understatement is defined as the tax required to be shown on the return less the tax shown on the return, reduced by any rebates. Sec. 6661(b)(2). An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000. Sec. *274 6661(b)(1)(A). Section 6661(b)(2)(B) provides for a reduction of the amount of the understatement in cases where there is or was substantial authority for the treatment of the item by the taxpayer or any item with respect to which the relevant facts affecting the item's tax treatment are adequately disclosed on the return or in a statement attached to the return. While we have concluded that petitioner did not have a tax home in Cottonwood, Alabama, in 1983, the issue was adequately disclosed by petitioner on his return. Accordingly, we conclude that petitioner is not liable for the addition to tax under section 6661(a). Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. Sec. 162(a) provides as follows: There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including -- * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business * * *↩